Nelson, J.,
delivered tbe opinion of the court.
Martin placed 2,600 bushels of corn in the warehouse of French & Brown, at Chattanooga, who, after selling parts of it to various persons, shipped about sis hundred bushels thereof to Seago, who was a commission merchant at Atlanta, in compliance with his request made by letter or telegraph. French & Brown were indebted to Seago at the time in a sum sufficient to pay for the corn, but afterwards failed in *309 business. They paid to Martin the entire proceeds of their sales, with the exception of the six hundred bushels received by Seago. On the trial of the cause the fact was controverted whether French & Brown were commission, storage and forwarding merchants, or storage merchants only, and the questions us to whether they had authority to sell, or in fact made a sale to. Seago, were submitted to the jury, under proper instructions of the court. .
It is now insisted for the plaintiff in error that the Circuit Court erred in refusing to instruct the jury 0“that, if the plaintiff accepted from French & Brown, or either of them, part of the proceeds of sale of his corn, with the knowledge that the entire lot of corn had been sold by them, then that would be a ratification of the acts of French & Brown in sale of the entire lot of corn.”
„ That part of his Honor’s charge which relates to this proposition is as follows: ■ “It is insistéd by the counsel for the defendant, that after the sale of this corn was made by Messrs. French & Brown, the sale was ratified by the plaintiff by the receipt by him of a part of the proceeds of sale. On this point the court instructs you that if the plaintiff was informed in any way that there had been a sale of this corn by French & Brown to the defendant, and that after such information he received from them a part of the purchase money for said corn, with information that it was paid him on that account, it would amount to a ratification of the sale, and plaintiff could not then recover in this action.”
*310 This charge does not meet the proposition submitted in behalf of the plaintiff in error, who was the defendant below, because, when taken in connection with the proof, it is restricted to the sale of part of the corn by French & Brown to the defendant, and the receipt from them alone of part of the purchase money. The evidence of Thomas A. Brown, one of the partners, was that he sold and shipped to'’the defendant about six hundred bushels of plaintiff’s corn, and about the same time sold all the balance to different persons; that he “paid over to the plaintiff, Martin, the entire proceeds of all the plaintiff’s corn except what was sold to defendant; that he (the witness) paid the proceeds of sale mentioned to plaintiff (Martin) in a check on the bank, and that plaintiff knew, at the time he received it, that witness had sold all of his corn, and received the pay from witness with a full knowledge of that fact.” Martin, the plaintiff, also stated in his evidence that Thomas A. Brown, of the firm of French & Brown, paid him one thousand and fifty or sixty dollars of the proceeds, telling him at the same time he had sold the entire lot of corn, but not stating to whom it had been sold. *
In 1 Livermore on Ag., 394, it is said the acts of a principal are to be construed liberally in favor of an adoption of the acts of an agent. . In Story on Ag., s. 253, it is said that slight circumstances and small matters will sometimes suffice to raise the presumption of a ratification; and it is well settled that an adoption of the agency in one part operates as *311 the adoption of the whole act, for an act can not be affirmed as to so much as is beneficial, and rejected as to the remainder. Theob. on Pr. and Sur., and Pr. and Ag., by Hammond, 238; 2 Strange, 859.
In conformity to ■ these principles, we hold that if the 2,600 bushels of corn were shipped to or deposited with French & Brown for storage merely, and without any authority in the first instance to sell, and they afterwards sold the same and communicated that fact to Martin, and paid him part of the purchase money, informing him that they had sold the whole of the corn, it was immaterial whether or not they gave any special information of the sale to Seago, and the reception of part of the purchase money was a ratification of the entire sale or sales. In this view, it was error in the Circuit Court to refuse the instructions requested, and the judgment is reversed and the cause remanded for a new trial.